**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA J. SCOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-06-1380-F |
| | ) |
| OKLAHOMA CITY INDEPENDENT SCHOOL DISTRICT NO. 89 OF OKLAHOMA COUNTY, also known as OKLAHOMA CITY PUBLIC SCHOOL DISTRICT, a political subdivision of the State of Oklahoma, | ) ) ) ) ) ) ) |
| | ) |
|     Defendant. | ) |

## ORDER

Defendant's motion to dismiss, filed January 24, 2007, is before the court. (Doc. no. 10.) Plaintiff has responded, and the motion is ready for determination.

This is a race discrimination case brought under Title VII. The defendant school district has moved to dismiss the action under Rule 12(b)(6), Fed. R. Civ. P., making two arguments. First, defendant argues that claims which arise from events that pre-date April 5, 2005, are barred by limitations. Second, defendant argues that the only non-barred claim--which is plaintiff's claim that she was not hired as compliance director as a result of race discrimination--fails to state a claim because there is no allegation that plaintiff ever applied for the position and she, in fact, did not apply.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v.

Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

With response to defendant's first argument, that is, its limitations argument, plaintiff concedes that any claims based on events earlier than April 5, 2005 are barred. Plaintiff states, however, that the only claim she alleges in this action is a claim based on events which occurred after April 5, 2005, as clearly set forth in the complaint.[1] Because the first proposition of defendant's motion challenges the sufficiency of claims which plaintiff did not intend to allege and has not alleged, the first proposition is moot and relief should be denied on that basis.

Defendant's second argument is based upon plaintiff's failure to allege that she applied for the compliance director position about which she complains she was not hired. A typical *prima facie* case alleging discriminatory failure to hire may require a showing that the plaintiff applied for the job in question, but the instant case is not necessarily typical. For example, the complaint alleges that defendant "camouflaged" the compliance director position by titling the job as it did in an effort to keep plaintiff from applying. (Complaint, ¶ 15.) When a plaintiff alleges that discriminatory conduct kept him or her from applying for a position, it would be inappropriate to

---

[1] Plaintiff's interpretation of the complaint as clearly indicating that there is no claim based on the events of 2003 is a fair one. The court does not fault defendant for raising the limitations issue, however, because many of the allegations deal with the events of 2003 and these allegations are incorporated by reference in the portion of the complaint which sets out plaintiff's Title VII claim.

dismiss the claim based on the fact that the plaintiff did, in fact, fail to apply. In other words, the instant complaint alleges facts which call for flexibility in formulating the elements of a *prima facie* case. *See*, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, n.13 (1973) ("The facts necessarily will vary in Title VII cases, and the specification above of the *prima facie* proof required from respondent is not necessarily applicable in every respect in differing factual situations").

Recognizing that flexibility is required, the Tenth Circuit has not always required a plaintiff alleging a discriminatory failure to promote claim to show that he or she applied for the position in question. *See*, *e.g.*, Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1534 (10th Cir. 1995) (to carry the initial burden of establishing a *prima facie* case of race discrimination for failure to promote, a plaintiff must typically show that he belongs to a minority group, that he was qualified for the promotion, that he was not promoted, and that the position remained open or was filled by a non-minority).

Given the nature of the allegations in this case, the court finds and concludes that the complaint need not allege that plaintiff applied for the compliance director position.

After careful review of the pleadings, the parties' submissions and the relevant legal authorities, defendant's motion to dismiss is **DENIED**.

Dated this 14th day of February, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1380p001(pub).wpd