**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA J. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-1380-F |
| ) | |
| OKLAHOMA CITY INDEPENDENT ) | |
| SCHOOL DISTRICT NO. 89 OF ) | |
| OKLAHOMA COUNTY, also known ) | |
| as OKLAHOMA CITY PUBLIC ) | |
| SCHOOL DISTRICT, a political ) | |
| subdivision of the State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The "Motion for Summary Judgment of Defendant, Oklahoma City Public Schools," filed January 30, 2008, is before the court. (Doc. no.32.) Plaintiff has responded, and the motion is ready for determination.

In her First Amended Complaint, plaintiff alleges a claim of race discrimination and a claim of retaliation, under Title VII, 42 U.S.C. § 2000e et seq. At times material to this action, plaintiff worked for the District as the District's Workers' Compensation Manager. Loosely summarized, plaintiff's race discrimination claim alleges failure to promote plaintiff to the position of the School District's Safety Director. Plaintiff's retaliation claim alleges that, in retaliation for having pressed her discrimination charge, plaintiff received an undeserved written reprimand which accused her of providing confidential information regarding other District employees

to her attorneys.  The claim also alleges plaintiff received negative work evaluation as a result of the District's retaliation.

The District moves for summary judgment on both claims.  There is no direct evidence of discrimination, so defendant moves for judgment under the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  With respect to both the race and the retaliation claims, the District argues that plaintiff cannot demonstrate that she has a *prima facie* case.  The District also argues that it has articulated a legitimate, non-discriminatory reason for its conduct, but that plaintiff has not identified any evidence of pretext.

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific

evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## I.  Discrimination Claim

The District argues that a *prima facie* case for failure to hire or promote due to race discrimination requires a showing that plaintiff at least applied for the position in question.  The District contends it is undisputed that plaintiff did not apply for the Safety Director position, and that undisputed evidence also shows plaintiff was aware of the position and could have applied for it.

The type of evidence required to meet what the court refers to as this "application" requirement argued for by the District depends upon the circumstances of the case.  One relevant circumstance is whether formal or informal application procedures apply to the job in question.  *See*, Bennett v. Quark, Inc., 258 F.3d 1220, 1228 (10th Cir. 2001) (omitting citations and quotations: "To establish a prima facie case for failure to promote, plaintiff must how, among other things, that she applied for--or at least sought--the position at issue.  While the law does not require that a plaintiff formally apply for the job in question, the law does require that the employer be on specific notice that the plaintiff seeks employment or, where informal hiring procedures are used, that the plaintiff be in the group of people who might reasonably be interested in the particular job.").

There is no evidence which establishes that the application procedures for the Safety Director position were formal as opposed to informal.  The District's proposed undisputed facts do not include a contention that formal application procedures applied, so plaintiff has not been required to admit or deny this contention.  Evidence

indicates uncertainty concerning the nature of the procedures which should or could have been used by the District.  See, for example, Linda Brown's deposition (doc. no. 36, ex. 2, at pp. 100-102), indicating different procedures applied to promotions as compared to reclassifications of an individual's job to a higher level, and that external advertising and posting was not always required.

As indicated in <u>Bennett</u>, it may be possible to satisfy the "application" element with evidence that the employer was on specific notice that a plaintiff seeks the job, even if the plaintiff did not apply. *Id*. at 1228. There are facts from which a jury could infer that the District knew plaintiff sought the Safety Director position, or that plaintiff was in a group of people the District might reasonably have known were interested in this position.  There is evidence that plaintiff had been performing the job duties of the Safety Direction position as part of her existing job, even though she was not paid for those services.  There is evidence that individuals employed by the District knew about plaintiff's requests for additional compensation for those extra duties.  There is evidence that plaintiff's requests for additional compensation were ignored. There is evidence that the superintendent failed to discuss the position or plaintiff's salary requests with the plaintiff, despite plaintiff's attempts to discuss those matters with him.

There is also evidence that the District, at least for a time, failed to properly identify the job in its job listings.  The error could help explain plaintiff's failure to apply at least for some period of time.

The court concludes that the question of whether plaintiff was required to formally apply for the job, or promotion, or reclassification in question, is a genuinely

disputed issue of material fact. Whether analyzed as a motion seeking judgment based on lack of proof of *prima facie* element, or whether analyzed as a motion seeking judgment based on lack of evidence of pretext, plaintiff has shown disputed facts and inferences that make it inappropriate to resolve this claim prior to trial.

## II. Retaliation Claim

With respect to the plaintiff's retaliation claim, the District argues, among other things, that the conduct for which plaintiff was reprimanded (communicating confidential employee information to her attorneys) is not protected activity so that Title VII does not protect her from a reprimand for this conduct. In response, plaintiff argues that she does not claim the communications with her attorneys were protected activity. Rather, she claims that pressing her discrimination claims is protected activity and that her reprimand for disclosing confidential information was in retaliation for that protected activity and that the stated reason for the reprimand was merely a pretext.

In support of this position, plaintiff argues the reprimand was too harsh for the alleged misconduct, suggesting that the stated reason for reprimand was pretextual. Plaintiff also has identified evidence suggesting that the reprimand was out of character with plaintiff's previous work history and evaluations, that any contract language which could be construed as prohibiting the disclosure was ambiguous at best, and that the District disclosed such information in its own filings in this action. Plaintiff also cites negative work evaluations which she alleges were retaliatory and which were out of character with prior evaluations. Plaintiff's retaliation claim

survives defendant's motion for summary judgment, but it just barely survives, and it survives only because the summary judgment standard is stringent. Plaintiff's attempt to distinguish Vaughn v. Epworth Villa, 2006 WL 2987728 (W.D. Okla. 2006) (appeal pending) is strained, but the factual situation in Vaughan was in some ways more clear cut than the factual situation in the case at bar – a difference that is important for summary judgment purposes. The court does not take the release of confidential information lightly; employers are likewise not obliged to take that kind of misconduct lightly. This claim may not survive a Rule 50 motion made on the basis of a more fully-developed record at trial, but, due to the presence of genuine issues of material fact, it survives defendant's motion for summary judgment.

## Conclusion

After careful consideration of the parties' submissions, the pleadings and the record evidence, and the relevant authorities, the court finds and concludes that the claims alleged in this action should be adjudicated at trial with the benefit of a complete evidentiary record. Defendant's motion for summary judgment is **DENIED**.

Dated this 17th day of April, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1380p007(pub).wpd